1
2                                    FILED
3                           14 JUL 28 AM 11: 04
4
                                          CLERK US DISTRICT COURT
                                     SOUTHERN DISTRICT OF CALIFORNIA
5
                                                          DEPUTY
6
7
8                  UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10
11   JOEL RICHARD HERNANDEZ,            CASE NO. 13-CV-1217 BEN (BLM)
12                        Petitioner,   **ORDER:**
13                                      **(1) READOPTING REPORT AND RECOMMENDATION;**
14        vs.
                                        **(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS;**
15
16                                      **(2) OVERRULING OBJECTIONS;**
     DANIEL PARAMO, et al.,
17                                      **(3) DENYING CERTIFICATE OF APPEALABILITY.**
                         Respondents.
18
                                        [Docket Nos. 12, 21]
19

20        Petitioner Joel Richard Hernandez, a state prisoner proceeding *pro se*, filed a
21   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1).
22   Respondent filed a Response on September 4, 2013, and Petitioner filed a Traverse on
23   October 29, 2013. (Docket Nos. 6, 11). On February 12, 2014, Magistrate Judge
24   Barbara Lynn Major issued a thoughtful and thorough Report and Recommendation
25   recommending that the Petition be denied. (Docket No. 12). Any objections to the
26   Report and Recommendation were due March 7, 2014. (*Id.*) Neither party filed any
27   timely objections, and the Court adopted the Report and Recommendation on March
28   21, 2014. (Docket No. 13).

1    This Court granted two requests by Petitioner for extensions of time to file
2  objections. (Docket Nos. 17, 20). Petitioner filed Objections to the Report and
3  Recommendation which were dated June 26, 2014. (Docket No. 21). Respondent
4  replied to the Objections on July 23, 2014. (Docket No. 23). This Court has carefully
5  considered Petitioner's Objections.    For the reasons stated below, this Court
6  **OVERRULES** the Objections and **READOPTS** the Report and Recommendation.

7                                    **LEGAL STANDARD**

8    A district judge "may accept, reject, or modify the recommended disposition" of
9  a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C.
10  § 636(b)(1). "The district judge must determine de novo any part of the [report and
11  recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3).
12  However, "[t]he statute makes it clear that the district judge must review the magistrate
13  judge's findings and recommendations de novo *if objection is made*, but not
14  otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en
15  banc) (emphasis in original); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th
16  Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review,
17  de novo, findings and recommendations that the parties themselves accept as correct."
18  *Reyna-Tapia*, 328 F.3d at 1121.

19    The Court adopts the Magistrate Judge's discussion of the scope of review for
20  federal habeas claims, to which no party has objected. (R&R at 4-6). In part:

21        An application for a writ of habeas corpus on behalf of a person in custody
         pursuant to the judgment of a State court shall not be granted with respect to any
22        claim that was adjudicated on the merits in State court proceedings unless the
         adjudication of the claim—
23
         (1) resulted in a decision that was contrary to, or involved an unreasonable
24        application of, clearly established Federal law, as determined by the Supreme
         Court of the United States; or
25
         (2) resulted in a decision that was based on an unreasonable determination
26        of the facts in light of the evidence presented in the State court proceeding.

27    28 U.S.C. § 2254(d).

28    A federal court may not issue a writ of habeas corpus "simply because that court

1  concludes in its independent judgment that the relevant state-court decision applied
2  clearly established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S.
3  766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). The state
4  court's application must be "objectively unreasonable." *Id.* (quoting *Williams*, 529
5  U.S. at 409). The standard is thus "highly deferential" and "demands that state-court
6  decisions be given the benefit of the doubt." *Id.* (citations omitted).

7                                    **DISCUSSION**

8          Petitioner asserts three grounds for habeas relief. First he claims that he was
9  denied his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and the
10 presumption of innocence from an unbiased jury when he was shackled in the
11 courtroom in full view of the jury. (Pet. at 7; Obj. at 1). Second, he claims that his
12 Fourth, Fifth, and Fourteenth Amendment rights were violated by the prosecution's
13 failure to disclose the identity of a witness who may have provided exonerating
14 evidence and impeachment evidence. (Pet. at 9; Obj. at 2). Third, he claims that his
15 right to due process was violated because there was legally insufficient evidence to
16 support a jury finding that he committed the crime for the benefit of a street gang, and
17 that the court improperly used the gang finding in sentencing. (Pet. at 10; Obj. at 2).
18 I. Courtroom Shackling/Chains

19         Petitioner contended that his constitutional rights were violated because the jury
20 saw him in court in shackles, and one juror saw him in shackles as he was being
21 transported.  (Pet. at 7-8).  The Magistrate Judge examined the decision by the
22 California Court of Appeal, and determined that the state court's denial of Petitioner's
23 claim was not contrary to, or an unreasonable application of, clearly established federal
24 law. (R&R at 11-15). In part, the Magistrate Judge concluded that the record does not
25 support Petitioner's argument that the jury observed him wearing shackles or that he
26 was prejudiced by the brief observation. (R&R at 14).

27         Petitioner states that he will "submit on the arguments and authorities previously
28 submitted." (Obj. at 3). Petitioner does not point to any flaws in the Magistrate

1 | Judge's discussion of facts or legal analysis.

2 | Petitioner states that he seeks to add that he believes an evidentiary hearing is

3 | warranted in this matter. (*Id.*) Specifically, he cites to *Rhoden v. Rowland*, 172 F.3d

4 | 633 (9th Cir. 1999), which also involved claims that a defendant was seen in shackles

5 | and that this prejudiced the jury. (Obj. at 3). Petitioner points out that an evidentiary

6 | hearing in *Rhoden* revealed that the jury had discussed the defendant's shackling, and

7 | that the record had previously been silent about whether the jury had discussed or

8 | considered the shackling. (*Id.* at 3-4). Petitioner contends that this Court should

9 | appoint counsel and conduct an evidentiary hearing for the same reason. (*Id.* at 4).

10 | However, the Supreme Court has held that when determining whether a state court's

11 | adjudication resulted in a decision that was contrary to, or involved an unreasonable

12 | application of, clearly established law, a habeas court is limited to the record that was

13 | before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (citing 28

14 | U.S.C. § 2254(d)(1)). Accordingly, Petitioner's request for an evidentiary hearing must

15 | be denied.

16 | The Court concludes that the Magistrate Judge did not err in determining that the

17 | state court's denial of Petitioner's claim was not contrary to, or an unreasonable

18 | application of, clearly established federal law.

19 | II. Witness

20 | Petitioner contended that information was given to the prosecution by an

21 | informant, and that the trial judge did not grant the defense's motion to release

22 | information about the informant. (Pet. at 9). In his Objections, Petitioner also contends

23 | that this witness might have been used to impeach prosecution witnesses. (Obj. at 2).

24 | The Magistrate Judge concluded that Petitioner had presented his arguments to

25 | the state courts in habeas petitions, but that the state courts did not decide the issue on

26 | the merits. (R&R at 15). The Magistrate Judge therefore determined what theories

27 | could have supported the state court's ruling, and if the theories are inconsistent with

28 | the ruling. (*Id.* (citation omitted)). The Magistrate Judge noted that a state's

interpretation of its laws or rules does not provide a basis for federal habeas corpus relief when no federal constitutional question arises. (*Id.* (citation omitted)). The Magistrate Judge determined that he does not state a claim for relief to the extent that he claims the trial judges violated California state law. (R&R at 16-17).

The Magistrate Judge also noted that to establish a constitutional violation with respect to an incorrect evidentiary ruling, a habeas petition must show that the ruling was so prejudicial as to render the trial "fundamentally unfair." (R&R at 16) (citing *Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996)). The Magistrate Judge found that Petitioner had not established that the ruling was incorrect, or provided facts indicating that prejudice resulted, or established that it rendered the trial "fundamentally unfair." (R&R at 17).

To the extent Petitioner claimed a *Brady* or *Roviaro* violation, the Magistrate Judge determined that Petitioner had not established a constitutional violation. Petitioner argued that it was likely that the informant provided information about a drug dealing by Delgado. (R&R at 17 (citations omitted)). He argued that producing the information could discredit the witness, and that because drug dealing is dangerous, it might exonerate Petitioner by identifying the real attacker and real reason for the attack. (*Id.* (citations omitted)). The trial court determined that Petitioner had failed to show a nexus between the stabbing and drug activity. (*Id.* (citations omitted)) Petitioner was able to present evidence during trial and argue that Delgado was not credible because he had engaged in illegal drug activity and was doing so on the evening of the stabbing. (R&R at 18 (citations omitted)). Further, Petitioner did not establish that the identity of the informant was evidence that was favorable to Petitioner or that suppression prejudiced him. (*Id.*) The Magistrate Judge concluded that Petitioner was merely speculating that the identity of the informant would be helpful and would add credibility to his argument that someone else committed the crimes, and that this speculation was insufficient. (*Id.* (citations omitted)).

In his Objections, Petitioner refers to his statutory right to discovery, right to

1   *Brady* material, the right to call witnesses in his defense, and the prosecutor's claim of

2   privilege pursuant to the Evidence Code. (Obj. at 4). He contends that the *in camera*

3   hearing was inadequate because the trial court did not inquire about the "level of

4   testimony" the witness could provide. (*Id.*) He states that the "use of this section as

5   authority" was misplaced because the informant was not being called to provide

6   information against the defendant, but rather to provide impeaching testimony against

7   prosecution witnesses. (*Id.* at 4-5). He argues that cross-examination of the witness

8   would have provided testimony that the "alleged victims had made statements to this

9   'informant' after the incident occurred, whereby they made statements that they were

10  all well aware that the defendant was <u>not</u> a real member or associate of any gang." (*Id.*

11  at 5). He claims that the "issue was discussed in detail" by the alleged victims in the

12  presence of the informant. (*Id.*) He states that the "federal question" is not about the

13  state's interpretation or violation of its own law. (*Id.*) Rather, he states it is about

14  whether or not his constitutional rights were violated by failing to adequately provide

15  "federally mandated discovery ('*Brady* material')" and whether such failure to disclose

16  and allow the witness to testify violated his right to a fair trial. (*Id.* at 5-6). In response

17  to arguments that the witness was not material, Petitioner asks how this is known if the

18  record is silent. (*Id.* at 6). He states that "if it is true" that the testimony would reveal

19  that the victims were aware that the defendant was not gang-related, the testimony

20  would be material and would likely affect the jury's determination on the gang

21  allegation. (*Id.*) He concedes that "[s]aid testimony may or may not have changed the

22  defendant's level of culpability," but that without allowing the witness to testify, even

23  *in camera*, it "changed the course of this trial" and violated his constitutional rights.

24  (*Id.*) He contends that an evidentiary hearing is warranted since the record is silent,

25  and the court would otherwise be ruling on a record that does not exist. (*Id.*)

26       At the outset, Petitioner does not dispute, or point to any flaws in reasoning with

27  respect to the Magistrate Judge's determination that any claim premised on violation

28  of California state law does not state a claim for relief.

13cv1217

Further, after careful review of the Objections, it is apparent that Petitioner's argument that his constitutional rights were violated is premised upon his speculation about what testimony the unknown informant would have given. Although he suggests at one point that the victims made statements to the informant regarding the defendant's gang associations and that it was "discussed in detail," his later statements indicate that these comments were speculative. (Obj. at 5-6). He later concedes that it cannot be known what the informant would say based on a silent record. (*Id.* at 6). To the extent Petitioner intended to suggest that he had some basis for believing that the unknown informant had any such information, he has not presented such facts to this Court. Petitioner's Objections also fail to establish a nexus between the drug activity and the stabbing. To the extent Petitioner suggests that the *in camera* review was itself inadequate, he provides no authority to support a claim that his constitutional rights were violated. He presents no authority, for example, requiring that the witness testify in the *in camera* hearing. Petitioner's Objections do not undermine the Magistrate Judge's conclusion that he failed to establish that the ruling was incorrect, that he has not provided facts indicating that prejudice resulted from the allegedly incorrect ruling, or that it rendered the trial "fundamentally unfair." (R&R at 17).

Although *Brady* does apply to state cases, a petitioner asserting *Brady* claims must satisfy three elements: (1) the evidence at issue must be favorable to the accused, (2) the evidence must be suppressed by the State, and (3) prejudice must have ensued. *Banks v. Dretke*, 540 U.S. 668, 690-91 (2004) (citation omitted); *Amado v. Gonzalez*, No. 11-56420, 2014 WL 3377340, at *10 (9th Cir. July 11, 2014). Petitioner has not shown that the allegedly exculpatory evidence from the informant would be favorable, or that he was prejudiced by its suppression. He also fails to demonstrate that he was prejudiced with respect to the impeachment material.

Accordingly, this Court agrees with the Report and Recommendation that the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law.

13cv1217

1   Petitioner again seeks to remedy his inability to sufficiently allege a violation by
2   asking this court to hold an evidentiary hearing in order to develop a record that might
3   provide a basis for finding a constitutional violation. However, Petitioner is not
4   entitled to an evidentiary hearing. *See Pinholster*, 131 S.Ct. at 1389.

5   III.  Gang Finding

6   Petitioner claims that his right to due process was violated because there was
7   legally insufficient evidence to support a jury finding that he committed the crime for
8   the benefit of a street gang, and that the court improperly used the gang finding in
9   sentencing. (Pet. at 10; Obj. at 2). As laid out in the Supreme Court's opinion in
10  *Jackson v. Virginia*, 443 U.S. 307 (1979), the Fourteenth Amendment's Due Process
11  Clause is violated only when "it is found that upon the record evidence adduced at the
12  trial no rational trier of fact could have found proof of guilt beyond a reasonable
13  doubt." *Id.* at 324. *Jackson* claims face a "high bar" in habeas proceedings. *Coleman*
14  *v. Johnson*, 132 S.Ct. 2060, 2062 (2012) (per curiam). First, a court reviewing the
15  matter on direct appeal can only set aside a jury verdict on the basis of insufficient
16  evidence "if no rational trier of fact could have agreed with the jury." *Id.* (quoting
17  *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011) (per curiam)). On habeas review, a federal
18  court may not overturn a state court decision to reject a challenge to the sufficiency of
19  the evidence simply because the federal court disagrees with the state court. *Id.*
20  (citations omitted). Instead the state court decision must be "objectively unreasonable."
21  *Id.* (citations omitted).

22  The Magistrate Judge concluded that there was "substantial evidence" to support
23  the jury determination that Petitioner was a member of a street gang, that he made the
24  criminal threats during the assault for the benefit of or in association with the Logan
25  Clicka street gang, and that he had the specific intent to promote, further, or assist in
26  any criminal conduct by gang members. (R&R at 23). The Magistrate Judge discussed
27  the evidence in the trial transcript supporting these conclusions, including lay witness
28  testimony, stipulations entered into at trial, and the testimony of an expert on gangs.

1  (*Id.* at 22-23).    Accordingly, the Magistrate Judge concluded that the jury's
2  determination was not unreasonable, and that the state court's analysis and decision
3  denying the sufficiency of the evidence claim was not contrary to, or an unreasonable
4  application of, federal law. (*Id.* at 23).

5      In his Objections, Petitioner states that he will "submit on the previous
6  authorities" and points to evidence that he claims was not presented at trial to prove
7  gang membership or association. (Obj. at 7).  He discusses case law regarding the
8  requirements for a gang finding, and argues that he does not meet the criteria. (*Id.* at
9  7-9).  He further denies that he has ever been a gang member and states that he did not
10 intend to benefit a gang. (*Id.* at 9).  However, he does not rebut the evidence outlined
11 by the Magistrate Judge in support of her conclusion.  Petitioner has failed to point to
12 any error of fact or law in the Magistrate Judge's recommendation.  Accordingly, this
13 Court agrees with the Report and Recommendation that the state court's decision was
14 not contrary to, or an unreasonable application of, clearly established federal law.

15                              **CONCLUSION**

16     Based on the foregoing, the Court **OVERRULES** Petitioner's Objections.  The
17 Magistrate Judge's Report and Recommendation is **READOPTED**.  The Petition is
18 **DENIED WITH PREJUDICE**.  The Court **DENIES** a certificate of appealability
19 because the issues are not debatable among jurists of reason and there are no questions
20 adequate to deserve encouragement. *See Miller-El v. Cockrell*, 537 U.S. 322, 327
21 (2003).  The Clerk of Court shall enter judgment denying the Petition.

22     **IT IS SO ORDERED.**

23

24 DATED: July 25, 2014

25                                              HON. ROGER T. BENITEZ
                                               United States District Judge
26

27

28